Anne B. JOHNSON, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 94–161.

United States Court of Veterans Appeals.

July 29, 1994.

Before NEBEKER, Chief Judge, and
FARLEY and IVERS, Judges.

**ORDER**

PER CURIAM.

Appellant appeals from a November 1,
1993, decision of the Board of Veterans' Ap-
peals (BVA) denying her entitlement to ser-
vice connection for the cause of death of her
husband, a World War II veteran, who died
in 1987. This is the second time appellant is
before this Court on the matter, and in this
appeal, as in the earlier one, jurisdiction is a
threshold issue. Because the jurisdictional
issue in this appeal is inextricably inter-
twined with that in the earlier appeal, *John-
son v. Derwinski*, 1 Vet.App. 553 (1991) (or-
der granting joint motion for remand) [here-
inafter *Johnson I* ], the salient jurisdictional
facts in that appeal must be briefly stated.

*Johnson I* arose from an August 1990 BVA decision denying appellant's claim that the cause of her husband's death was service connected. She appealed to this Court. At issue as a threshold matter in *Johnson I* was the question of whether appellant had filed a Notice of Disagreement (NOD) on or after November 18, 1988, so as to give the Court jurisdiction. *See* Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note). The Secretary's records reflect that, on September 27, 1988, appellant filed an NOD, contesting a June 1988 rating decision denying a relationship between the veteran's cause of death and his service-connected disabilities. However, on November 22, 1989, after appellant filed a VA Form 1–9, perfecting her appeal to the BVA, and following a regional office (RO) hearing and the hearing officer's denial of her claim, she filed another statement of disagreement. Appellant contended in *Johnson I* and contends in the instant appeal that this November 22, 1989, statement is an "NOD" that conferred jurisdiction on this Court.

In *Johnson I,* the Court asserted jurisdiction under its holding in *Whitt v. Derwinski,* 1 Vet.App. 40 (1990), *vacated* 979 F.2d 215 (Fed.Cir.1992) (table), that an "NOD" could be filed in response to any adjudication by an RO. *But cf. Strott v. Derwinski,* 964 F.2d 1124 (Fed.Cir.1992). Appellant and the Secretary filed a joint motion for remand, which the Court granted in September 1991. Subsequently, this Court issued its decision in *Hamilton v. Brown,* 4 Vet.App. 528 (1993) (en banc). *Hamilton* holds that the date of the initial NOD filed as to a particular claim determines whether this Court has jurisdiction of an appeal, and there can be no subsequent "NOD" until a final RO or BVA decision has been rendered in that matter or the appeal has been withdrawn by the claimant. *Id.* at 538. In *Hamilton,* the Court announced its strong disinclination to apply this rule retroactively, absent extraordinary good cause to do so. *Id.* at 540.

Upon remand in *Johnson I,* appellant's claim for service connection for the cause of her husband's death was readjudicated. In its decision, the BVA specifically referred to the change in the law regarding jurisdiction of the Court, but stated that it would act in compliance with the Court's remand order based on the Court's language in *Hamilton* concerning retroactive application. Prelim.R. at 52–53. The BVA denied appellant's claim for service connection, and she again appealed to this Court.

Now pending in the instant appeal is the Secretary's motion to dismiss, which appellant, through counsel, opposes. Also pending is appellant's motion for sanctions against the Secretary.

■ The Secretary, citing *Hamilton,* argues that the Court lacks jurisdiction of the instant appeal because appellant's NOD was filed in September 1988, prior to the effective date of the Veterans' Judicial Review Act. The Secretary's motion does not address the effect, if any, of the Court's assertion of jurisdiction in *Johnson I* and of the Secretary's action pursuant to the Court's remand order incorporating the terms of the parties' joint motion.

Appellant argues, in response, that in *Johnson I* and the subsequent readjudication on remand, the Secretary expressly waived his rights to challenge the Court's jurisdiction, and—in the alternative—that appellant's VA Form 1–9 filed in December 1992 in response to the RO's adverse action after the *Johnson I* remand constitutes an "NOD" that confers jurisdiction upon the Court in this appeal, which is separately docketed from the proceedings in *Johnson I.* Appellant also has filed a motion for "findings of admissions of fact, or evidential sanctions," alleging that the Secretary failed to comply fully with the terms of the joint motion for remand.

■ Appellant's "waiver" argument in essence raises the issue of whether the Court's assertion of jurisdiction in *Johnson I,* based on then-applicable law, has become the "law of the case" so as to confer jurisdiction of this appeal on the Court. Where a case is addressed by an appellate court, remanded, then returned to the appellate court, the "law of the case" doctrine operates to preclude reconsideration of identical issues. *See In re United States Steel Corp.,* 479 F.2d 489, 493–

94 (6th Cir.1973). The purpose of the doctrine is to foreclose relitigation of a question once considered and decided by an appellate court where the same case is once again before it upon a subsequent appeal. *Id.* at 494 (citations omitted).

 The doctrine is not, however, an "inexorable command," *id.*, and there are a number of well-recognized reasons not to apply it. *See Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912) (doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided" and is "not a limit to their power"). The law of the case doctrine does not foreclose reconsideration of subject matter jurisdiction. *See Potomac Passengers Ass'n v. Chesapeake & Ohio Ry. Co.,* 520 F.2d 91, 95 n. 22 (D.C.Cir.1975). A jurisdictional matter can be raised at any stage of a judicial proceeding by any party or by the Court on its own motion. *Fugere v. Derwinski,* 972 F.2d 331, 334 n. 5 (Fed.Cir. 1992). In fact, a federal court has the duty to determine its jurisdiction sua sponte even where the issue has not—as it has here—been raised by the parties. *See, e.g., Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir.1974), *citing Atlas Life Ins. Co. v. W.I. Southern Inc.,* 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987 (1939). Lack of jurisdiction "cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." *Basso,* 495 F.2d at 909, *citing California v. LaRue,* 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d 342 (1972).

 Furthermore, the doctrine of "law of the case" must yield to an intervening change of controlling law between the date of the first and the subsequent consideration of the question. *See Amen v. City of Dearborn,* 718 F.2d 789, 794 (6th Cir.1983); *see also* 1B J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.404[4.–6] (1993) (where change results from decision of a court to which court of appeals owes obedience, reexamination of issue is plainly required).

Based upon the foregoing and upon this Court's en banc decision in *Hamilton,* we must conclude that no "waiver" or "law of the case" analysis can result in our having jurisdiction of the appeal presently before us.

 Appellant's second argument, that there was a new "NOD" after remand, must fail because appellant's claim has remained continuously in appellate status since she filed her September 1988 NOD. She has never withdrawn her appeal, nor has any decision of the RO or BVA become final as to this claim. *Hamilton,* 4 Vet.App. at 538–39. Accordingly, no statement of disagreement filed with the RO as to this claim after the September 1988 NOD can serve to vest this Court with jurisdiction of the instant appeal. *Id.* at 541.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted, and this appeal is dismissed for lack of jurisdiction. It is further

ORDERED that, because the Court lacks jurisdiction, appellant's motion for sanctions against the Secretary is dismissed.