**Henry HARRIS, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–293.**

United States Court of Veterans Appeals.

April 26, 1995.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Judges.

## ORDER

PER CURIAM.

By order dated December 22, 1992, this Court granted the parties' joint motion to remand the appellant's appeal to the Board of Veterans' Appeals (Board or BVA) "for compliance with the instructions in the motion to remand" which were incorporated into the order by reference. The joint remand motion filed by the parties was prompted by the Court's decision in *Tobin v. Derwinski*, 2 Vet.App. 34 (1991). The joint remand motion specifically stated that, as "expeditiously as possible," the case

> should be remanded to the Board with instructions to further remand this case to the AOJ [agency of original jurisdiction] for an adjudication in conformity with the Court's opinion in *Tobin*. The AOJ should determine whether the veteran's lumbosacral spine disabilities and right hip disability have been worsened by the veteran's service-connected right ankle disability. In making this determination the AOJ may take any developmental steps it deems necessary. . . .

The joint remand motion, as incorporated into this Court's order, also required the following: the appellant would be free to present additional evidence and argument on remand; if the AOJ denied the claim, it must be promptly forwarded to the Board for appellate review; and the Board's decision must articulate all reasons and bases for its findings and conclusions, assess the credibility and probative weight assigned to the evidence, and discuss the benefit of the doubt doctrine. On remand, however, the Board, without remanding the matter to the AOJ, decided on March 25, 1994, under *Leopoldo v. Brown*, 4 Vet.App. 216 (1993), issued subsequent to our decision in *Tobin*, that the appellant's claim for service connection must be denied.

It appears to this Court that the Board has undertaken on its own to reform the mandate of this Court issued in light of the agreement of the parties in their joint motion for remand. Under Rule 41(b) of the Court's Rules of Practice and Procedure, the order on consent remanding a case constitutes the mandate of this Court and the Board was obligated to follow that mandate. As the United States Court of Appeals for the District of Columbia Circuit explained in *City of Cleveland, Ohio v. Federal Power Commission*, 561 F.2d 344, 346 (D.C.Cir.1977) (footnotes omitted),

> The decision of a federal appellate court establishes the law binding further action in the litigation by another body subject to its authority. The latter "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case". . . . These principles, so familiar in operation within the hierarchy of judicial benches, indulge no exception for reviews of administrative agencies.

If VA had any doubts as to what course to follow, despite the clear mandate of this Court, the better course would have been for the Secretary to have filed a motion for clarification. The Court notes that during the pendency of this appeal, the Secretary on January 6, 1995, conceded in *Allen v. Brown*, 7 Vet.App. 439 (1995), that, as between the two cases, *Tobin, supra*, expressed the better view of the law concerning possible service connection for post-service aggravation by a service-connected disability on a post-service, thus non-service-connected disability. On the other hand, he has failed to take the same position in this case since that date.

On consideration of the record on appeal, the briefs and pleadings of the parties, the briefs of the amici curiae, and the appellant's motion that a show cause order be issued directing the Secretary to explain why the Chairman and the members of the Board section which issued the March 25, 1994, Board decision in this case should not be held in contempt, and in light of the delay the appellant has already suffered, it is

ORDERED that the Board's March 25, 1994, decision is VACATED and the matter REMANDED with directions that the matter be adjudicated without further delay consistent with the December 22, 1992, order of this Court. It is further

ORDERED that the Secretary's motion to consolidate his response to the appellant's motion to show cause with his response to

the appellant's brief is GRANTED. It is further

ORDERED that, in the absence of any evidence that the Chairman and the members of the Board section acted in bad faith, the appellant's motion for a show cause order is DENIED. It is further

ORDERED that the appellant's motion for oral argument is DENIED as moot.