**Aldosie CHISEM, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 90–1540.

United States Court of Veterans Appeals.

Dec. 18, 1995.

William G. Smith, was on the brief, for appellant.

· Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and David W. Engel were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and MANKIN, Judges.

NEBEKER, Chief Judge:

This Court decided *Chisem v. Brown,* 4 Vet.App. 169 (1993), reversing a Board of Veterans' Appeals (Board or BVA) decision and remanding the matter to the BVA to adjudicate a claim of obvious error in a previous BVA decision. Mandate issued on May 25, 1993. After this Court remanded to the Board to adjudicate the obvious error claim, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Smith v. Brown,* 35 F.3d 1516 (Fed.Cir.1994). In *Smith,* the Federal Circuit equated "obvious error" claims with claims of "clear and unmistakable error" and held that claims of such error by the Board are not subject to judicial review.

On October 12, 1995, the Secretary filed a motion for leave to file and a motion to recall and clarify the Court's May 25, 1993, mandate and for a limited stay of post-remand proceedings. The appellant opposes the Secretary's motion to recall and clarify the mandate. The Secretary, by the instant motion, seeks to have the Court conform its earlier judgment and mandate to the supervening *Smith* decision. For the reasons given below, we deny the motion to recall and clarify the mandate.

375

First, the Court finds the Secretary's action commendable, particularly in light of *Harris v. Brown*, 7 Vet.App. 547 (1995). On remand from this Court, the Board was presented with the question whether to comply with the mandate or, on its own, conclude that another, later decision of this Court, arguably inconsistent with the *Harris* holding, might be followed. We instructed that the better course in that situation is for the Secretary to seek clarification. *Id.* at 548. The *Harris* decision, however, dealt with two decisions of this Court. Here, there is a different situation—a superior court has pronounced in another case a rule at odds with this Court's judgment.

This Court, in two cases, has dealt with the effect of the Federal Circuit's supervening *Smith* decision on the Board's duty under our mandate. In a single-judge unpublished decision (nonprecedential under *Frankel v. Derwinski*, 1 Vet.App. 23 (1990)), the Court recalled its mandate and amended it to conform with *Smith*. *Lujan v. Brown*, U.S.Vet. App. No. 92–597 (single-judge order Aug. 16, 1995). However, in another case, a three-judge panel of the Court held that the *Smith* decision "rendered moot" its earlier decision. *Mata v. Brown*, U.S.Vet.App. No. 90–1309 (per curiam order Sept. 5, 1995). Mootness led the panel to deny the Secretary's motion to vacate the Court's order remanding the matter for action precluded by the *Smith* decision. The *Mata* order was also unpublished and, like the *Lujan* order, is not precedential under Rule 28(j) of the Rules of Practice and Procedure of the Court.

■ "Where a case is addressed by an appellate court, remanded, then returned to the appellate court, the 'law of the case' doctrine operates to preclude reconsideration of identical issues." *Johnson v. Brown*, 7 Vet.App. 25, 26 (1994) (citation omitted). The Federal Circuit recognizes three exceptions to the law of the case doctrine: (1) when the evidence at trial was substantially different from that in the former trial upon which the appellate court based its decision; (2) when the controlling authority has since made a contrary decision of law; and (3) when the appellate decision was clearly erroneous. *Kori Corp. v. Wilco Marsh Buggies*

*and Draglines, Inc.*, 761 F.2d 649, 657 (Fed. Cir.1985); *see also Ulmet v. United States*, 17 Cl.Ct. 679, 690–91 (1989), *aff'd*, 935 F.2d 280 (Fed.Cir.1991).

■ The issue presented in the instant case is whether a party must seek to recall or clarify the mandate when, after this Court remands to the Board, a higher court decision changes the applicable law. Under the "Mandate Rule" at issue here, a lower court is generally bound by the terms of the mandate and has no power or authority to deviate from that mandate. *See Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948). Unlike the clearly delineated exceptions to the law of the case doctrine, generally an appellate court should be flexible in deciding whether to grant a recall motion. 16 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3938 (1984). "Recalling the mandate is solely within the circuit court's discretion." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1529 (9th Cir.1989). For purposes of this analysis, this Court's position is analogous to that of a "circuit court," while the BVA stands somewhat in the position of district court. However, not all arguments that the lower court can deviate from the mandate need be directed to the appellate court in the first instance.

In *Standard Oil Co. of California v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976), the Supreme Court held that a district court may entertain a motion under Rule 60(b) of the Federal Rules of Civil Procedure, i.e., a motion for relief from final judgment, without leave of the Supreme Court and, so, denied the movant's motion to recall the mandate without prejudice to the right to proceed in the district court. The Supreme Court recognized that past practice by the Supreme Court and many circuit courts was to require appellate leave before a district court could reopen a case which had been reviewed on appeal. This approach was premised on a belief that an appellate court's mandate barred the lower court from disturbing the judgment entered in accordance with the mandate and that such a requirement protects the finality of a judgment and

**376**

allows the appellate court to screen out frivolous Rule 60(b) motions. The Supreme Court in *Standard Oil* rejected these arguments for requiring appellate leave, stating, "Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence the district judge is not flouting the mandate by acting on the [Rule 60(b)] motion." *Id.* at 18, 97 S.Ct. at 32. The Supreme Court stated that it saw no reason that the district court could not weed out the frivolous Rule 60(b) motions as well as the appellate court could, and in this way the expense and delay of litigation could be lessened and the burden on the appellate courts reduced. *Ibid.*

In *Ulmet, supra,* the United States Claims Court, a court which is also subject to review by the Federal Circuit, was presented with a motion to dismiss the case after it had already been the subject of a decision and mandate by the Federal Circuit vacating the original Claims Court judgment because of an amendment to a statute under which the movant claimed he was entitled to relief. The Claims Court identified the issue as

whether this court must follow the mandate of the Federal Circuit Court of Appeals when Congress has passed legislation amending the relevant statute, subsequent to the issuance of the circuit court's decision, but prior to the final judgment of this court, if such legislation deals with the same issue addressed in the Federal Circuit Court's Opinion.

*Id.* at 688. The Claims Court recognized that resolution of this issue required addressing two legal doctrines: the Mandate Rule and the law of the case doctrine. Where there is doubt as to the correctness of the law of the case as established on appeal, usually any such arguments should be addressed to the appellate court in a petition for rehearing or by motion for recall of the mandate or on appeal from the lower court after remand. *Id.* at 690. The Claims Court held that

as long as it does not deviate from the mandate and the law of the case established by that mandate, the absence of a

final judgment and concerns over appellate judicial economy[] allow this court to entertain the Defendant's Motion to Dismiss the complaint, which was reinstated for consideration by this trial court by virtue of the appellate decision and the mandate.

*Id.* at 692–93.

Similarly, in a case such as this one, where there is a supervening Federal Circuit or Supreme Court decision, the Board should examine whether that decision has clearly changed this Court's law and, by operation of law, modified our earlier mandate. This approach has the advantage of reducing the expense and delay of litigation. In the event its decision is contested, there will be a complete record should that issue reach this Court on subsequent appeal. We are aware of *Zipfel v. Halliburton Co.,* 861 F.2d 565 (9th Cir.1988), in which the Ninth Circuit Court of Appeals, " 'because of an overpowering sense of fairness,' " chose to exercise its power to recall mandate and amend its opinion where a subsequent Supreme Court decision in another case changed the law in a pivotal aspect. However, we choose the rule announced herein. Of course, if the question of supervening law is not clear, the prudent approach is to seek guidance through the process the Secretary undertook here.

Accordingly, we deny the Secretary's motion to recall and clarify the mandate.