Fred T. GOBLE, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–1543.

United States Court of Veterans Appeals.

March 26, 1996.

Before MANKIN, HOLDAWAY, and IVERS, Judges.

**ORDER**

PER CURIAM.

On February 14, 1992, this Court, in a single-judge order, granted the Secretary's motion for remand, vacated the December 4, 1990, Board of Veterans' Appeals (Board or BVA) decision, and remanded the matter with instructions to correct the deficiencies enumerated by the Secretary in his motion for remand. The Court issued a judgment on March 2, 1992. On February 8, 1996, the Secretary filed a motion for leave to recall and clarify the Court's March 2, 1992, judgment and to stay postremand proceedings. The Secretary advises that on July 9, 1992, the Board remanded this matter to the regional office (RO) for further development. The Secretary further advises that this mat-

ter was recently returned to the BVA after completion of additional development and re-adjudication at the RO. Citing *Landicho v. Brown*, 7 Vet.App. 42 (1994), the Secretary asserts that clarification is necessary because the BVA is unsure of the course to follow.

This Court held in *Landicho*, that substitution is not permissible in this Court where the appellant is a veteran who dies while the denial by the BVA of the veteran's claim for disability compensation under chapter 11 of title 38, United States Code, is pending on appeal. Under such circumstances, the Court held, the appropriate remedy is to vacate the BVA decision from which the appeal was taken (and cause the underlying RO decision to be vacated as well) and to dismiss the appeal. This is done to ensure that the BVA decision and the underlying RO decision will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlement.

Here, the veteran's wife was substituted as the appellant because the veteran died after he filed a Notice of Disagreement and his statement of the issues. The ruling in *Landicho*, when applied to the appellant's case, would extinguish her claim. This would effectively contradict the law of the case doctrine which, in this particular appeal, requires the BVA to adjudicate this claim on remand.

In *Johnson v. Brown*, 7 Vet.App. 25, 27 (1994), this Court recognized an exception to the law of the case doctrine, which provides that the law of the case "must yield to an intervening change of controlling law between the date of the first and the subsequent consideration of the question." In *Chisem v. Brown*, 8 Vet.App. 374, 376 (1995), the Court applied the intervening change of case law principle to a situation where the United States Court of Appeals for the Federal Circuit changed this Court's case law. In *Chisem*, the Court stated that "where there is a supervening Federal Circuit or Supreme Court decision, the Board should examine whether the decision has clearly changed this Court's law and, by operation of law, modified [this Court's] earlier mandate." *Ibid; see also Winslow v. Brown*, 8 Vet.App. 469, 474 (1996) (where the Court reaffirmed

**24**

the validity of the intervening change of controlling law exception to the law of the case doctrine).

■ The holding in *Landicho, supra,* which denies standing to certain claimants after the veteran dies, is an intervening change of controlling law and is applicable in this appeal. In these instances, where the change of controlling case law is *clear,* the BVA should enter a disposition which is consistent with the current case law, rather than file a motion to recall and clarify the Court's previous mandate or decision. As the Court in *Chisem* stated, "This approach has the advantage of reducing the expense and delay of litigation." *Chisem,* 8 Vet.App. at 376.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for leave to file a motion to recall and clarify the Court's March 2, 1992, judgment is granted. The Clerk is directed to file the motion on the date it was received. It is further

ORDERED that the Secretary's motion to recall judgment is DENIED. It is further

ORDERED that the Secretary's motion for a limited stay of postremand proceedings is denied.