Dennis L. LEOPOLDO, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–612.

United States Court of Veterans Appeals.

March 27, 1996.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On February 19, 1993, the Court issued a panel opinion remanding this matter to the Board of Veterans' Appeals (Board) for readjudication. *Leopoldo v. Brown*, 4 Vet.App. 216 (1993). Mandate issued on May 25, 1993. The *Leopoldo* opinion remanded for correction of an error under *Colvin v. Derwinski*, 1 Vet.App. 171, 174–75 (1991), and also stated that 38 U.S.C. § 1110 did not provide for disability compensation for the aggravation of a non-service-connected condition by a service-connected condition. *Leopoldo*, 4 Vet. App. at 219. The appellant was free "to offer additional evidence as to whether his service-connected injury caused, rather than merely aggravated, his present back condition." *Ibid.* Sitting en banc, the majority of the Court in *Allen v. Brown*, decided that aggravation of a non-service-connected disability by a service-connected disability creates entitlement to service connection for the amount of disability over and above that existing before the aggravation. *Allen*, 7 Vet.App. 439, 448 (1995) (en banc). *Allen* thus effectively reversed a portion of *Leopoldo*, 4 Vet. App. at 219. *See Allen, supra.*

■ "[A] lower court is generally bound by the terms of the mandate and has no power or authority to deviate from that mandate." *Chisem v. Brown*, 8 Vet.App. 374, 375 (1995). On February 23, 1996, the Secretary filed a motion, and for leave to file it, to recall and clarify the Court's May 25, 1993, mandate in *Leopoldo* and for a limited stay of postremand proceedings. The Secretary seeks clarification as to whether the Board is

required to complete the readjudication precisely as directed by the Court in the mandate of May 25, 1993, or whether the Board should follow the intervening *Allen* precedent. *Allen, supra.*

 Under the "law of the case" doctrine, an earlier determination by an appellate court is binding upon that appellate court in a later review of the same case. *See Chisem,* 8 Vet.App. at 375; *Johnson v. Brown,* 7 Vet.App. 25, 26–27 (1994). This Court has recognized an exception to the "law of the case" doctrine when an intervening change in the controlling law would lead to a different outcome of the case. *Johnson, supra; see also Goble v. Brown,* 9 Vet.App. 22 (1996); *Winslow v.* Brown, 8 Vet.App. 469, 473 (1996). Under the circumstances, *Allen, supra,* is an intervening change in the applicable law.

In *Chisem,* the Court established the procedure to be employed when a supervening decision by the U.S. Court of Appeals for the Federal Circuit changes the law previously established by this Court. In such circumstances, "the Board should examine whether that decision has *clearly* changed this Court's law and, by operation of law, modified our earlier mandate." *Chisem,* 8 Vet.App. at 376 (emphasis added). The Court will generally not recall the original mandate and issue an amended mandate that conforms with the supervening decision. Such a practice "has the advantage of reducing the expense and delay of litigation." *Ibid.* When, as here, an en banc decision *clearly* changes the law earlier established by a three-judge panel, the Board should follow the practice set forth in *Chisem.*

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for leave to file a motion to recall and clarify the Court's May 25, 1993, mandate is GRANTED. The Clerk is directed to file the motion on the date it was received. It is further

ORDERED that the Secretary's motion to recall the mandate is DENIED. It is further

ORDERED that the Secretary's motion for a limited stay of postremand proceedings is DENIED.