**Aldosie CHISEM, Appellant,**

v.

**Hershel GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 96–166.**

United States Court of Veterans Appeals.

Nov. 14, 1997.

William G. Smith, Los Angeles, CA, was on the brief for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Acting Deputy Assistant General Counsel; and Andrew J. Waghorn, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

NEBEKER, Chief Judge, filed the opinion of the Court. STEINBERG, Judge, filed an opinion concurring in the result.

NEBEKER, Chief Judge: .

The appellant, Mr. Aldosie Chisem, appeals from a February 21, 1996, Board of Veterans' Appeals (BVA) decision which, inter alia, dismissed claims of clear and unmistakable error (CUE) in an October 1947 VA regional office (RO) decision and of obvious error in a February 1953 BVA decision, both of which denied entitlement to service connection for a psychiatric disability. In lieu of a brief, the Secretary has filed a motion for remand and to stay further proceedings. For the following reasons, the Court will deny the motion for remand and will affirm the BVA decision which dismissed the appellant's claims of error in the 1947 RO decision and the 1953 BVA decision.

## I. FACTS

On February 18, 1997, the Secretary moved to stay proceedings on this appeal pending action on a motion for BVA reconsideration. On February 19, 1997, the Court stayed proceedings and ordered the Secretary to advise the Court whether the BVA Chairman was inclined to grant reconsideration. On April 21, 1997, the Secretary informed the Court that the Chairman was inclined to grant reconsideration of the 1953 BVA decision.

On May 1, 1997, the Secretary filed a motion for partial remand and to stay further proceedings. As grounds for his motion the Secretary states that, although the Chairman has granted reconsideration of the 1953 BVA decision, he denied reconsideration of the 1996 decision on appeal. The Secretary suggests that remand of the issue of whether there was obvious error in the 1953 BVA decision is appropriate in light of the Chairman's grant of reconsideration of that decision. He states that the appellant does not oppose such a remand. The issue, the Secretary continues, is how the Court should proceed with the claim of CUE in the 1947 RO decision. He points out that the 1996 BVA decision found as a matter of fact that the 1947 RO decision had been subsumed by the

1953 BVA decision. He suggests a stay of the CUE issue on the basis that if, on reconsideration, the Chairman should find obvious error in the 1953 BVA decision, the effective date of the appellant's claim would be the date of the 1947 claim. If, however, no error is found in the 1953 BVA decision, the Secretary opines that the appellant could then pursue the CUE claim presently pending before the Court. The Secretary concludes by stating that, while the appellant does not oppose a stay of the CUE issue, he does oppose a remand of that issue for fear that the Court would not retain jurisdiction over that claim.

## II. ANALYSIS

In *Chisem v. Brown,* 4 Vet.App. 169, 176 (1993), the Court expressly held that the October 1947 rating decision was not appealed and became final. Before the Board issued its decision on remand, the Court of Appeals for the Federal Circuit decided *Smith v. Brown,* 35 F.3d 1516 (Fed. Cir.1994). Therein, the Federal Circuit held that "CUE review authority [relates] only to review of [RO] adjudicatory decisions and not to those of the Board." *Id.* at 1527. Following *Smith,* the Secretary filed a motion to recall mandate and for clarification of our earlier decision in light of *Smith.* In *Chisem v. Brown,* 8 Vet.App. 374 (1995), we denied the Secretary's motion. However, in so doing, the Court noted that the "Board should examine whether [*Smith*] has clearly changed this Court's law and, by operation of law, modified our earlier mandate." Contrary to our pre-*Smith* determination that "the October 10, 1947, rating decision was never appealed, and thus, became a final decision," the 1996 BVA decision stated that the 1947 RO decision had been subsumed by the February 1953 BVA decision. The Board accordingly dismissed the claim on the basis that no claim of CUE can exist as a matter of law when the agency of original jurisdiction decision has been appealed to and affirmed by the BVA and thus subsumed by the BVA decision. As we stated above, this Court previously held that the October 1947 RO decision was never appealed. Under the "law of the case" doctrine appellate courts generally will not review or reconsider issues that have already been decided in a

previous appeal of the same case. *See In the Matter of the Fee Agreement of William G. Smith in Case No. 92–1072*, 10 Vet.App. 311, 314 (1997) (under law of case doctrine, "Board was not free to do anything contrary to this Court's [prior] action" with respect to same claim); *Browder v. Brown*, 5 Vet.App. 268, 270 (1993). However, the Federal Circuit recognizes three exceptions to the law of the case doctrine: (1) when the evidence at trial was substantially different from that in the former trial upon which the appellate court based its decision; (2) when the controlling authority has since made a contrary decision of law; and (3) when the appellate decision was clearly erroneous. *Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc.*, 761 F.2d 649, 657 (Fed.Cir.1985); *see also Chisem*, 8 Vet.App. at 375.

Recently, in *Donovan v. Gober*, 10 Vet. App. 404 (1997), this Court addressed the question of whether a final unappealed rating decision that is subsequently reopened and adjudicated on the merits by the BVA can later be subject to a claim of CUE. The Court relied on the Federal Circuit's *Smith* opinion, and VA General Counsel Precedent Opinion 14–95 (May 12, 1995) [hereinafter G.C. Prec. 14–95] and concluded that it could not. *Donovan*, 10 Vet.App. at 407–09. Significantly, G.C. Prec. 14–95 states, "Where a BVA decision involves review of evidence considered in a prior, unappealed [RO] decision con-cerning [sic] the same issues, consideration of a CUE claim regarding the prior [RO] decision would essentially permit review of an issue finally decided by the Board." Here, the Court finds that, since our decision in 1993 which held that the 1947 RO decision had not been appealed and was final, this area of our jurisprudence has been significantly modified. Accordingly, as enumerated in the second exception to the applicability of the law of the case doctrine, the Court holds that the law of the case doctrine, i.e., the general rule that previous determinations of the reviewing tribunal shall not be disturbed, is here inapplicable. The Board determined that the 1953 BVA decision addressed the identical issue of the appellant's entitlement to a psychiatric disability, and thus subsumed the 1947 RO decision. Therefore, the Court holds that the BVA did not err in deciding that the matter of CUE in

the 1947 RO decision should be dismissed. *See Donovan, supra; see also Talbert v. Brown*, 7 Vet.App. 352 (1995).

Our separately concurring colleague's fear that the Board would, for the sole purpose of depriving veterans of the ability to challenge a decision on the basis of CUE, "includ[e] in its decision, sua sponte, a sentence stating that it had reviewed the claim de novo, including the disposition of the prior RO decision(s)" assumes bad faith by the Board. *Infra* at 529. We see no reason to make that assumption. Board proceedings are not adversarial and we cannot and should not accuse the Board of abandoning its duty to adjudicate claims in an atmosphere of maximum indulgence permitted by law.

■ Regarding the claim of obvious error in the 1953 BVA decision, the BVA, in the 1996 decision on appeal, dismissed that claim on the basis that "obvious error" equates with CUE, and that CUE review authority under 38 C.F.R. § 3.105 is not applicable to decisions of the BVA. The BVA noted that the 1953 decision was final based on the evidence then of record. It observed, however, that reconsideration of that decision could be accorded at any time upon a motion by the claimant, or on the BVA's own motion, based on an allegation of obvious error of fact or law in the decision.

■ The Court agrees with the BVA's decision to dismiss this claim. A BVA decision is not, as a matter of law, subject to a claim of CUE under 38 C.F.R. § 3.105(a). *See Smith*, 35 F.3d at 1521; *see also Wright v. Brown*, 9 Vet.App. 300, 303–04 (1996). Regarding the Secretary's motion to remand this "obvious error" claim, based on the Chairman's grant of reconsideration of the 1953 BVA decision, it must be noted that the BVA's 1953 decision is not on appeal before this Court and that the Court thus has no jurisdiction to review the prior final 1953 Board decision in this case. *See Moffitt v. Brown*, 10 Vet.App. 214, 225 (1997). Likewise, the Chairman's decision to grant reconsideration of that decision has no effect on the BVA's 1996 decision to dismiss the appellant's claim of obvious error. Rather, it is separate and distinct from any issue on appeal before this Court. Remand is unnecessary. Therefore, the Secretary's motion for

remand will be denied and the BVA decision dismissing this claim will be affirmed. *See Phillips v. General Services Admin.*, 924 F.2d 1577, 1581 (Fed.Cir.1991) (noting that "[i]f the [Merit System Protection Board] does not have jurisdiction, then neither do we, except to the extent that we always have inherent power to determine our own jurisdiction and that of the board" (quoting *Maddox v. Merit Sys. Protection Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985)) and vacating board's decision as to issue it lacked jurisdiction to decide).

### III. CONCLUSION

Accordingly, the BVA's February 21, 1996, decision is AFFIRMED.

STEINBERG, *Judge,* concurring:

I concur in the result because I must. I am compelled to follow, in a panel opinion or single–judge decision, the Court's binding precedent. *See Bethea v. Derwinski,* 2 Vet. App. 252, 254 (1992) ("panel or single judge may not render a decision which conflicts materially with [ ] earlier panel or en banc opinion"). However, I disagree strongly with the result because I disagree strongly with the operative authority, *Donovan v. Gober,* 10 Vet.App. 404 (1997), on which it is based. I stated my bases for disagreeing with *Donovan* in my dissent there, *id.* at 409–14 (Steinberg, J., dissenting). However, the majority

is correct that the applicable law has been changed by *Donovan*—no matter how much I disagree with that change—and hence the law-of-the-case doctrine does not apply. *See Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc.,* 761 F.2d 649, 657 (Fed.Cir.1985); *Chisem v. Brown,* 8 Vet.App. 374, 375 (1995).

*Donovan* was bad enough, even though it purported to apply its holding only to its particular "facts", *id.* at 528.[1] In the instant case, the Court chooses to state *Donovan*'s holding as broadly as possible and to quote with approval the sweeping opinion of the General Counsel of the Department of Veterans Affairs (VA). *Ante* at 406–07. As I admonished in *Donovan,* that VA General Counsel position would give the Board of Veterans' Appeals (BVA or Board) a green light "to wipe out any potential [clear and unmistakable error (CUE) ] claims as to prior unappealed regional office (RO) decisions on the same issue under review by the BVA by including in its decision, sua sponte, a sentence stating that it had reviewed the claim de novo, including the disposition of the prior RO decision(s)." *Donovan,* 10 Vet.App. at 412 (Steinberg, J., dissenting).[2] This VA position, now being fully embraced by the Court, has extremely negative implications for VA claimants, who are thereby being denied both the procedural appellate rights that adhere within the VA system and judicial review before this Court.[3]

---

1. However, *Donovan v. Gober,* 10 Vet.App. 404 (1997), had a particularly bad set of facts for application of the "delayed subsuming" theory because in *Donovan* it was clear that the facts before the Board of Veterans' Appeals (Board or BVA) when it later adjudicated the case included additional *negative* evidence not before the regional office at the time of its earlier, unappealed decision. *See id.* at 409–10 (Steinberg, J., dissenting).

2. In order to attempt to cloak the grave adverse consequences of its actions for Department of Veterans Affairs (VA) claimants, the majority conjures up the smokescreen of a bad-faith assumption on my part. Quite to the contrary. I accept that the members of the Board proceed in good conscience to carry out their duties in accordance with law. What the above and ensuing sentences (and the quotation from *Donovan, supra* ) relate to is the *effect* of a particular Board course of action *without regard* to the motivation for that action. *See also infra* note 3. As to expressions of concern by this Court about the *effect* of BVA actions, the en banc Court stated,

through one of the majority judges here, in *Smith (George) v. Brown:* "To allow that date [November 18, 1988, in the Veterans' Judicial Review Act (VJRA) § 402, Pub.L. No. 100–687, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) ] to be used by the BVA Chairman as a shield against judicial review would be to give that date meaning beyond that intended in enacting judicial review." *Smith,* 8 Vet.App. 546, 552 (1996) (en banc); *see In the Matter of Fee Agreement of Cox,* 10 Vet.App. 361, 371 (1997) ("[i]f the BVA otherwise has the authority and obligation to issue a decision, its refusal to do so would frustrate this Court's jurisdiction and, if the other requirements for an extraordinary writ are met, would justify an issuance of a writ"); *see also Sutton v. Brown,* 9 Vet.App. 553, 564 (1996) (cautioning against Board addressing questions not addressed by VA regional office decision on appeal); *Bernard v. Brown,* 4 Vet. App. 384, 392–94 (1993).

3. As I noted in *Donovan,* 10 Vet.App. at 409–10, the Court's decision obviates a claimant's right to file a claim as to a particular issue (here a claim

The holding of the U.S. Court of Appeals for the Federal Circuit in *Smith (William) v. Brown* is no more than that the CUE review provisions of 38 C.F.R. § 3.105(a) do not apply to BVA decisions—that final BVA decisions are immune from CUE review. *Smith,* 35 F.3d 1516, 1527 (Fed.Cir.1994) ("CUE review authority in § 3.105(a) [ ] relate[s] only to review of [agency of original jurisdiction (AOJ) ] adjudications and not to those of the Board"). The opinion in *Smith* does not impose a presumption as to the *correctness* of those BVA decisions. Nonetheless, because under *Smith, supra,* the 1953 BVA decision is *unreviewable* for CUE, this Court's holding today permits the BVA to render the final, unappealed 1947 RO decision immune from a challenge based on CUE by virtue of the BVA's having in 1953 decided, based on the evidence *then* before it, that service connection for a psychiatric disability could not properly be allowed. The Court's action seems to be imposing a presumption that the later, unconnected BVA decision was correct—not just that it was immune from review—and moreover that it was "correct" six years before it was made. I believe that the Federal Circuit would be quite surprised to learn that *Smith* required such a leap, and I hope that the Circuit will be afforded an opportunity to consider that question.

Moreover, our caselaw has emphasized that review for CUE is to be "based on the record and the law that existed at the time of the prior AOJ" decision. *Russell v. Principi,* 3 Vet.App. 310, 314 (1992) (en banc). By superimposing the 1953 BVA decision onto the unappealed 1947 RO decision, the Court is acting in a manner inconsistent with *Russell* by applying *later* law (in the form of the

1953 BVA decision) to a point in time (1947) when it did not exist. CUE review of a final 1947 RO decision would have to occur, under *Russell,* on the record as it existed in 1947, and I fail to see how the 1953 BVA decision has a role to play. Even were the RO here to have taken up the current CUE claim as to the 1947 RO decision denying service connection, it would not have been second guessing the 1953 BVA decision as to the period from 1947 to the date of the application leading to the 1953 BVA decision.[4] And what the *Board* would later decide to do with the obvious-error claim as to the 1953 BVA decision, especially if there were to be a finding of CUE in the 1947 RO decision, is *not* a matter presently before us.[5]

The "pernicious doctrine" of delayed subsuming that I pointed to in my dissent in *Donovan,* 10 Vet.App. at 412, has now become embedded in our caselaw. If there were any doubt after *Donovan* about the need for action—legislative or appellate—to protect veterans from having their CUE rights trampled by the Board's sua sponte action, the majority opinion here should remove any such doubt. *See Donovan,* 10 Vet. App. at 413 n. 14.[6] As Circuit Judge Plager cautioned recently in *Barrera v. Gober,* regarding the actions of two panels of the Federal Circuit to overrule another misguided opinion of this Court, "we should err, if we err at all, on the side of protecting a veteran's right to the judicial review Congress has mandated". *Barrera,* 122 F.3d 1030, 1040 (Fed.Cir.1997) (Plager, J., concurring).[7]

---

of clear and unmistakable error (CUE)); to receive a decision on that issue; to identify an issue for appeal and express disagreement by filing a Notice of Disagreement (NOD); to receive a Statement of the Case; to perfect the appeal and submit argument on behalf of a position; and to receive a hearing. *See* 38 U.S.C. § 7105(a), (d); 38 C.F.R. §§ 3.103, 19.29, 20.201, 20.202, 20.700 (1996); *Austin v. Brown,* 6 Vet.App. 547, 551–52 (1994); *Thurber v. Brown,* 5 Vet.App. 119, 122–23 (1993); *Hamilton v. Brown,* 4 Vet.App. 528, 544 (1993) (en banc), *aff'd,* 39 F.3d 1574 (Fed.Cir.1994); *Bernard,* 4 Vet.App. at 390–91. Moreover, although not relevant to the case at hand because the Court concludes that a 1953 Board decision—made long before judicial review was available in this

Court—subsumed a CUE claim, similar action by the Board in a post-November 17, 1988, decision would appear to be unreviewable in this Court for want of a jurisdiction-conferring NOD as to the CUE claim raised sua sponte by the Board. *See* VJRA § 402, 102 Stat. at 4122.

4. See *Donovan,* 10 Vet.App. at 409–11 (Steinberg, J., dissenting).

5. *Id.* at 411–12.

6. *See supra* note 3.

7. The court's opinion in *Barrera* noted that in *Grantham v. Brown,* 114 F.3d 1156 (Fed.Cir.

1997), the Circuit had already "overruled" this Court's opinion in *West (Walter) v. Brown,* 7 Vet.App. 329 (1995) (en banc). *Barrera v. Gober,* 122 F.3d 1030, 1032 (Fed.Cir.1997); *see also Grantham,* 114 F.3d at 1160 (Archer, C.J., concurring).