﻿Citation Nr: AXXXXXXXX
Decision Date: 03/22/19 Archive Date: 03/22/19

DOCKET NO. 181123-1302
DATE: March 22, 2019

ORDER

Entitlement to service connection for a heart condition, as secondary to posttraumatic stress disorder (PTSD), is granted.

Entitlement to service connection for sleep apnea, as secondary to PTSD, is granted.

FINDINGS OF FACT

1. The Veteran’s diagnosed heart condition is associated with his service-connected PTSD. 

2. The Veteran’s diagnosed sleep apnea is associated with his service-connected PTSD.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for a heart condition, as secondary to PTSD, are met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.310 (2018).

2. The criteria for entitlement to service connection for sleep apnea, as secondary to PTSD, are met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.310 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board notes that the rating decision on appeal was issued in November 2016. In May 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

The Veteran served on active duty in the United States Marine Corps from March 1969 to March 1973. During his period of service, the Veteran earned the Purple Heart, National Defense Service Medal, Vietnam Campaign Medal, Vietnam Service Medal, Pistol Expert Badge, and Rifle Marksman Badge. 

In order to prevail on a claim of service connection, generally, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). Regulations also provide that service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury which was incurred in or aggravated by service. 38 C.F.R. § 3.303(d) (2018).

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden element is through a demonstration of continuity of symptomatology if the disability claimed qualifies as a chronic disease listed in 38 C.F.R. § 3.309(a). However, in this case, neither the Veteran’s claimed heart condition nor sleep apnea disabilities are listed as chronic diseases within 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). As a result, service connection via the demonstration of continuity of symptomatology is not applicable.

Service connection may also be established on a secondary basis for a disability which is proximately due to, or the result of, a service-connected disability. 38 C.F.R. § 3.310(a) (2018). Secondary service connection may also be established for a disorder which is aggravated by a service-connected disability; compensation may be provided for the degree of disability (but only that degree) over and above the degree of disability existing prior to the aggravation. 38 C.F.R. § 3.310(b) (2018); Allen v. Brown, 8 Vet. App. 374 (1995).

In order to prevail on the issue of secondary service connection, the record must show: (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) medical nexus evidence establishing a connection between the service-connected disability and the current disability. See Wallin v. West, 11 Vet. App. 509, 512 (1998); see also Allen, supra.

Heart Condition 

The Veteran contends that his currently diagnosed heart condition is secondary to his service-connected PTSD. 

With regard to a present disability, the AOJ found that the medical evidence from the VAMC West LA and Cedars-Sinai shows the Veteran had aortic dissection in 2011 which required a heart valve replacement. Thus, the first elements of the Shedden and Wallin analysis have been met. 

With regard to the direct service connection claim, a review of the Veteran’s service treatment records does not reveal any complaints or diagnosis of a heart condition during his military service. He does not argue the contrary. Rather, he believes that his currently diagnosed heart disability is related to his service-connected PTSD. As the competent and credible evidence of record is against a finding that the Veteran had an in-service event or injury relating to the heart, the second element of Shedden is not met and any discussion of medical nexus for direct service connection is not warranted.

With regard to the secondary service connection, the Board notes that the Veteran is service-connected for PTSD; thus, the second element of Wallin is met.

The remaining question is whether there is a medical nexus between the Veteran’s service-connected PTSD and his currently diagnosed heart disability.

A private opinion was provided by Dr. L. K. was associated with the Veteran’s record in April 2016. The physician indicated that the Veteran was under his care for PTSD and also had a diagnosis for cardiovascular disease. The physician explained that there was an increased incidence of cardiovascular disease in veterans with PTSD. As such, Dr. L. K. opined that it was at least as likely as not that the Veteran’s cardiovascular disease was secondary to his PTSD. 

A letter provided by Dr. J. H. was associated with the Veteran’s record in April 2016. Based on a review of the Veteran’s medical history, including his history of PTSD, Dr. J. H. opined that it was reasonable to conclude that there may be an association of the Veteran’s PTSD with his cardiovascular condition. The physician explained that previous studies have shown an association of PTSD with incident heart failure in the veteran population, as well as endothelial function. As the Veteran’s initial cardiovascular disease appeared to have been his aortic dissection in 2011, Dr. J. H. determined that there may be an association of the Veteran’s PTSD diagnosis with the sequela of his cardiovascular disease process, as it may have affected and may continue to affect the ability to control his blood pressure.

The Veteran appeared for a VA heart conditions examination in August 2016. The examiner opined that it was less likely than not that the Veteran’s claimed heart condition was proximately due to or the result of the Veteran’s service-connected PTSD. In support of his opinion, the examiner stated that the Veteran’s significant cardiac morbidity originated with an ascending aortic dissection in 2012. In attempts to deal with the aortic dissection and its sequelae, the Veteran has since undergone aortic dissection repair, aortic valve replacement, and left coronary artery dissection repair. These three pathologies resulted in ischemia to the cardiac tissue, leading to infarct, as well as intermittent congestive heart failure. The examiner explained that the primary risk factors for aortic dissections include hypertension, connective tissue disorders, vasculitis, chest trauma, and syphilis. However, he noted that PTSD had not been found to have a direct causal effect in the development of ascending aortic dissection, heart failure, or left coronary artery dissection. 

Considering the foregoing, the Board finds that the evidence is at least in equipoise regarding the question of whether the Veteran’s heart condition is related to his service-connected PTSD. 38 C.F.R. §§ 3.303, 3.310 (2018). As such, the benefit-of-the-doubt will be conferred in the Veteran’s favor and his claim for service connection for a heart condition secondary to service-connected PTSD is granted. 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.102 (2018); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

Sleep Apnea

The Veteran contends that his currently diagnosed obstructive sleep apnea is secondary to his service-connected PTSD

With regard to a present disability, the AOJ found that that the Veteran was diagnosed with mild obstructive sleep apnea by polysomnography in March 2014. Thus, the first elements of the Shedden and Wallin analysis have been met. 

With regard to the direct service connection claim, a review of the Veteran’s service treatment records does not reveal any complaints or diagnosis of a sleep disorder during his military service. He does not argue the contrary. Rather, he believes that his currently diagnosed obstructive sleep apnea is related to his service-connected PTSD. As the competent and credible evidence of record is against a finding that the Veteran had an in-service event or injury relating to a sleep disorder, the second element of Shedden is not met and any discussion of medical nexus for direct service connection is not warranted.

With regard to the secondary service connection, the Board notes that the Veteran is service-connected for PTSD; thus, the second element of Wallin is met.

The remaining question is whether there is a medical nexus between the Veteran’s service-connected PTSD and his currently diagnosed obstructive sleep apnea.

A private opinion provided by Dr. L. K. was associated with the Veteran’s record in April 2016. The physician indicated that the Veteran was under his care for PTSD and also had a diagnosis for sleep apnea. The physician explained that there was an increased incidence of sleep apnea in veterans with PTSD. As such, Dr. L. K. opined that it was at least as likely as not that the Veteran’s sleep apnea was secondary to his PTSD. 

In an April 2016 treatment note addendum, Dr. A. R. explained that studies have found that there is a very high percentage of people with PTSD who have obstructive sleep apnea. The physician further explained that the relationship may be bidirectional. He stated that it was clearly more likely than not that the Veteran’s PTSD worsened his ability to adhere to therapy, as it was also more likely than not that the Veteran’s obstructive sleep apnea adversely impacted his PTSD symptoms. 

The Veteran appeared for a VA sleep apnea examination in May 2016. The examiner opined that Veteran’s obstructive sleep apnea was less likely than not proximately due to or the result of his service-connected PTSD. In support of his opinion, the examiner explained that the Veteran was diagnosed with obstructive sleep apnea by polysomnography in March 2014 and was issued a continuous positive airway pressure (C-PAP) machine. The Veteran reported that he did not use the C-PAP machine very much and did not find it helpful, in that it had not positively affected his sleep. He reported intrusive nightmares, moving about in his sleep, restless leg syndrome, talking in his sleep, night sweats that interfered with his sleep pattern, and unrefreshed sleep. The Veteran reported sleep disturbances from multiple sources, among them his obstructive sleep apnea, which refers to an obstructive cause, such as an aberrant oropharyngeal architecture, as opposed to one that is centrally mediated as might be from medication of a psychiatric disorder. 

However, the examiner noted that he was not a mental health provider and as such, could not comment directly on a connection between the Veteran’s obstructive sleep apnea and his PTSD without resorting to mere speculation.

A VA medical opinion was provided in April 2017. The examiner opined that the Veteran’s sleep apnea was less likely than not proximately due to or the result of PTSD. In support of her opinion, the examiner explained that sleep apnea is not caused by PTSD, as PTSD is a primary mental disorder and sleep apnea is a primary physical disorder. The examiner further explained that PTSD is a risk factor for sleep apnea, however it is not the direct cause. As such, the examiner indicated that a nexus could not be made. Accordingly, the examiner opined that the Veteran’s sleep apnea was less likely than not proximately due to or the result of PTSD. 

Considering the foregoing, the Board finds that the evidence is at least in equipoise regarding the question of whether the Veteran’s obstructive sleep is related to his service-connected PTSD. 38 C.F.R. §§ 3.303, 3.310 (2018). As such, the benefit-of-the-doubt will be conferred in the Veteran’s favor and his claim for service connection for obstructive sleep apnea secondary to service-connected PTSD is granted. 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.102 (2018); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD T. Joseph, Associate Counsel