# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 09-3557

PEGGY L. QUATTLEBAUM, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued September 28, 2011                    Decided January 5, 2012)

*Kenneth M. Carpenter,* of Topeka, Kansas, for the appellant. *Peter J. Meadows*, of Fort Lauderdale, Florida, was on the brief for appellant.

*James R. Drysdale,* with whom *Will A. Gunn*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Richard Mayerick*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, *Chief Judge*, and MOORMAN and DAVIS, *Judges*.

KASOLD, *Chief Judge*: Mrs. Peggy L. Quattlebaum, surviving spouse of World War II veteran Cecil L. Quattlebaum, appeals through counsel a June 11, 2009, Board of Veterans' Appeals (Board) decision that denied her attempt to reopen a previously denied claim for accrued benefits. Mrs. Quattlebaum argues that the Board's statement that "finally denied claims for accrued benefits cannot be reopened once the [one-year] time period [of 38 U.S.C. § 5121(c)] expires" was an incorrect statement of law and not supported by adequate reasons or bases. Record (R.) at 7. The Secretary disputes this argument. For the reasons stated herein, we hold that there is no per se legal bar to reopening a denied accrued benefits claim. Because the Board decision on appeal rests solely on a misunderstanding of the law prejudicial to Mrs. Quattlebaum, it will be set aside and the matter remanded for further adjudication.

# I. BACKGROUND

Mr. Quattlebaum served on active duty from September 1942 to February 1947. The record of proceedings reflects that, by letter dated August 9, 2000, the Montgomery, Alabama, VA regional office (RO) notified Mr. Quattlebaum that his claim for benefits for, inter alia, tremors of all fingers, twitching in finger, a heart condition, and a total disability rating for individual unemployability (TDIU) had been denied. Nevertheless, on October 20, 2000, and December 19, 2000, the RO continued to send Mr. Quattlebaum letters stating that "[w]e are still processing your application for COMPENSATION." R. at 51, 53. On December 29, 2000, Mr. Quattlebaum died.

Mrs. Quattlebaum's claim for dependency and indemnity compensation (DIC), death pension, and accrued benefits was received by the RO on February 5, 2001. In a letter dated February 7, 2001, and still addressed to Mr. Quattlebaum, the RO acknowledged that "[w]e have received your application for benefits." R. at 55. In August 2001, the RO sent a letter to Mrs. Quattlebaum stating, inter alia, that "[a]n accrued benefit is any money VA owed Mr. Quattlebaum at the time of his death. We cannot approve your claim for accrued benefits because VA did not owe him any money." R. at 318. The RO attached to this letter a rating decision dated August 23, 2001, that denied her DIC claim and determined that eligibility to dependents' educational assistance was not established, but did not address her accrued benefits claim. Thereafter, Mrs. Quattlebaum filed a Notice of Disagreement (NOD) as to the denial of DIC and perfected an appeal that led to a November 2005 DIC award, effective from December 2000.[1]

In January 2006, Mrs. Quattlebaum notified the RO that she had not received accrued

---

[1] At oral argument, Mrs. Quattlebaum argued that her initial February 2001 claim for accrued benefits remains pending because the August 2001 rating decision did not address her claim for accrued benefits. This argument was not raised below or included in the briefing, and was presented by counsel for the first time at oral argument. Counsel attempted to justify this piecemeal litigation by explaining that he took over this case after the initial briefing had been submitted. Substitute counsels are reminded that, if they discover a new argument after the initial briefing, they generally must file a motion for leave to file a supplemental brief positing such argument, in order for the Court to consider it. *See* U.S. VET. APP. R. 27 (discussing applications for relief); *cf. Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990) ("Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation."). As discussed more fully in the text, *infra* at section III.B, remand is warranted in this case, Mrs. Quattlebaum can raise this issue below, and it will not be further addressed herein. *See Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000) (if Court has jurisdiction over a matter, issues presented for first time on appeal may be addressed, disregarded, or remanded back to Board for further development); *Kay v. Principi*, 16 Vet.App. 529, 534 (2002) (on remand, claimants may present, and the Board must consider, any additional evidence and argument in support of the matters remanded).

benefits, and asked the RO to review the file, determine whether her husband had a claim pending at the time of his death, and award any benefits due. The record of proceedings does not contain any notice to Mrs. Quattlebaum regarding how to substantiate her claim for accrued benefits or how to reopen her claim. Rather, in August 2006, the RO notified Mrs. Quattlebaum that her husband's claim had been denied pursuant to the August 9, 2000, letter, and advised her that, if she disagreed, she could file an NOD within one year. Mrs. Quattlebaum filed a timely NOD, identifying the December 2000 and February 2001 letters as evidence that a claim was pending at the time of her husband's death.

A September 2007 Statement of the Case (SOC) restated that Mr. Quattlebaum had no pending claim at the time of his death, and also noted that accrued benefits were not warranted because the January 2006 claim had been submitted more than one year after her husband's death. Following Mrs. Quattlebaum's Substantive Appeal, the Board decision on appeal denied entitlement to accrued benefits. The Board reasoned that, because Mrs. Quattlebaum previously had been denied entitlement to accrued benefits, "her [January 2006] claim is essentially one to reopen." R. at 7. It further reasoned that "[t]he language in § 5121(c) is inconsistent with permitting consideration of a reopened claim received more than one year after death" and that "it is § 5121(c) which controls here, not § 5108." *Id.* The Board determined that, although Mrs. Quattlebaum's initial application met the section 5121(c) one-year filing requirement, her current claim "was filed more than five years after the Veteran's date of death" and therefore "does not meet the statutory requirement for paying accrued benefits." *Id.* This appeal followed.

## II. THE PARTIES' ARGUMENTS

On appeal, Mrs. Quattlebaum argues that the Board's statement that a surviving spouse cannot reopen an accrued benefits claim more than one year after the veteran's death was not supported by adequate reasons or bases and was not in accordance with law. She contends that the statutory scheme does not explicitly or implicitly exclude accrued benefits claims from being reopened, and asserts that 38 U.S.C. § 5121(c) can be read in harmony with 38 U.S.C. § 5108. During oral argument, Mrs. Quattlebaum asserted two counts of prejudice arising from the Board's misunderstanding of the law, to wit: (1) she was never informed of the evidence necessary to

3

substantiate her claim as required by 38 U.S.C. § 5103(a),[2] such that she was deprived of a meaningful opportunity to participate in the processing of her claim, and (2) the Board, in rendering its erroneous decision on the law, never evaluated whether she had submitted new and material evidence.

The Secretary argues that the Board correctly stated the law and that a surviving spouse cannot reopen an accrued benefits claim more than one year after the veteran's death because the statutory scheme does not permit the reopening of an accrued benefits claim. At oral argument, the Secretary further posited that an attempt to reopen an accrued benefits claim is an exercise in futility because an accrued benefits claim is based on the evidence "in the file at date of death" and such evidence cannot also constitute the "new and material" evidence required to reopen a claim. When confronted with the possibility that evidence could be both "in the file at date of death" and "new and material," the Secretary argued in the alternative that a motion for revision based on clear and unmistakable error (CUE) was the proper avenue for relief in such situations. The Secretary also asserts that Mrs. Quattlebaum has not demonstrated prejudice, because she merely asked for a review of the record and submitted no new and material evidence.

## III. DISCUSSION

### A. Reopening Accrued Benefits Claims

Section 5121 permits a surviving spouse to "stand in the shoes of the veteran and pursue his claim after his death" by filing an accrued benefits claim, *Zevalkink v. Brown*, 6 Vet.App. 483, 490 (1994), *aff'd*, 102 F.3d 1236 (Fed. Cir. 1996), so long as the surviving spouse files an application for accrued benefits "within one year after the [veteran's] date of death," 38 U.S.C. § 5121(c).[3]

---

[2] The Secretary is required by 38 U.S.C. § 5103(a) to "inform the claimant of the information and evidence not of record (1) that is necessary to substantiate the claim, (2) that VA will seek to obtain, and (3) that the claimant is expected to provide," and further required by 38 C.F.R. § 3.159(b)(1) to "[4] request that the claimant provide any evidence in the claimant's possession that pertains to the claim." As an aside, this fourth requirement was repealed by the Secretary, effective May 30, 2008. *See* Notice and Assistance Requirements and Technical Correction, 73 Fed. Reg. 23,353 (Apr. 30, 2008) (notice of final rule amending § 3.159(b) and removing the fourth requirement of notice, because it "is not required by statute and is redundant of the three statutory requirements").

[3] In pertinent part, 38 U.S.C. § 5121 states:

(a) Except as provided in sections 3329 and 3330 of title 31, periodic monetary benefits (other than

4

Additionally, if the application is incomplete at the time originally submitted, the Secretary must provide notification of the evidence necessary to complete the application, and an accrued benefits claimant has an additional year after such notification to submit that necessary evidence. *Id.*

Section 5108 states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." 38 U.S.C. § 5108; *see* 38 C.F.R. § 3.156 (2011).

The Board found the notion of reopening an accrued benefits claim pursuant to section 5108 inconsistent with the one-year requirement of section 5121(c), reasoning that "accrued benefits [claims] cannot be reopened once the [one-year] time period expires." R. at 7. Succinctly stated, however, we see no such inconsistency.[4] On its face, section 5121 in no way indicates a preclusion of reopening accrued benefits claims. Similarly, section 5108 on its face allows the reopening of *any* previously disallowed claim. Read together, an accrued benefits claim must be filed within one year after the veteran's date of death pursuant to section 5121(c), *and* an accrued benefits claim can be reopened upon the presenting of new and material evidence pursuant to section 5108.

The Board also noted that the language of section 5121(c) regarding incomplete applications for accrued benefits – namely, that the Secretary must notify the claimant if an application is incomplete, and the claimant has one year thereafter to submit evidence completing the application – "indicates that once the specific time limit elapses, no accrued benefits will be paid if the requested evidence is ultimately submitted in an untimely matter." R. at 7. However, this discussion of

---

insurance and servicemen's indemnity) under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death (hereinafter in this section and section 5122 of this title referred to as "accrued benefits") and due and unpaid, shall, upon the death of such individual be paid . . . .
. . . .
(c) Applications for accrued benefits must be filed within one year after the date of death. If a claimant's application is incomplete at the time it is originally submitted, the Secretary shall notify the claimant of the evidence necessary to complete the application. If such evidence is not received within one year from the date of such notification, no accrued benefits may be paid.

[4] Even if we perceived an inconsistency, we note that it is an appellate court's task "to construe the two statutes in a way that best resolves any possible conflict between them." *Cathedral Candle Co. v. U.S. Int'l Trade Comm'n*, 400 F.3d 1352, 1368 (Fed. Cir. 2005); *see also Morton v. Mancari*, 417 U.S. 535, 551 (1974) ("[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective."); *Terry v. Principi*, 340 F.3d 1378, 1385 (Fed. Cir. 2003) ("When we construe a statute, we do so in the setting of the statutory scheme of which it is a part.").

5

incomplete applications is referring to applications that do not "establish that the claimant is within the category of persons eligible to receive accrued benefits." *Hyatt v. Shinseki*, 566 F.3d 1364, 1370 (Fed. Cir. 2009); *see* Evidence for Accrued Benefits, 67 Fed. Reg. 9638, 9639 (Mar. 4, 2002) (Secretary noting that the "evidence" to be submitted in section 5121(c) is "that information necessary to establish that the applicant for accrued benefits is the person eligible for and entitled to those benefits"). Once a claim is timely filed and an application is completed (i.e., status as a proper accrued benefits claimant is established), section 5121(c) in no way limits the submission of evidence pertaining to the merits of the accrued benefits claim or bars a claim to reopen.[5]

Further, the Secretary's contention – that attempting to reopen an accrued benefits claim is an exercise in futility because an accrued benefits claim is based only on evidence "in the file at date of death," 38 U.S.C. § 5121(a), and therefore any new evidence submitted after death could not be considered and therefore would not be material to the claim – fails upon examination. This is because the Secretary has defined by regulation the phrase "evidence in the file at date of death," 38 U.S.C. § 5121(a), to include "evidence in VA's possession on or before the date of the beneficiary's death, even if such evidence was not physically located in the VA claims folder on or before the date of death." 38 C.F.R. § 3.1000(d)(4) (2011). Thus, pursuant to this regulation, there may be circumstances – perhaps rare but certainly possible – where documents are in the Secretary's possession at the date of the veteran's death (and therefore are considered to be in the file at the date of death), yet have never been presented to the Agency decisionmakers. Any such document submitted to the decisionmaker subsequent to a denial of an accrued benefits claim would qualify as "new" evidence pursuant to 38 C.F.R. § 3.156(a) ("New evidence means existing evidence not previously submitted to agency decisionmakers."), and might also be material if it (along with evidence previously in the record) "relates to an unestablished fact necessary to substantiate the claim.[6] *Id.* ("Material evidence . . . relates to an unestablished fact necessary to substantiate the

---

[5] It is undisputed that Mrs. Quattlebaum established her status as a proper accrued benefits claimant. Accordingly, we do not comment on whether a claimant who did not establish status as a proper accrued benefits claimant in the one-year period after notification can reopen the claim or whether "no accrued benefits may be paid." 38 U.S.C. § 5121(c).

[6] Although evidence need only relate to an unestablished fact necessary to substantiate a claim in order to be deemed "material," 38 C.F.R. § 3.56, further evidentiary development generally is not permitted in accrued benefits claims, *see* 38 U.S.C. § 5121(a); 38 C.F.R. § 3.1000(d)(4).

claim."). For example, if evidence was in the possession of one RO at the date of death, and the surviving spouse's accrued benefits claim was submitted to and finally denied by another RO without knowledge of the evidence in the possession of the other RO, an accrued benefits claimant may successfully reopen her claim with that evidence, if material.

At oral argument, when confronted with the above possibility, the Secretary argued that the only proper avenue for obtaining relief in the circumstances described above is a motion for revision based on CUE. However, a CUE motion involves errors "based on the record . . . that existed" at the time of the previous decision, *Russell v. Principi*, 3 Vet.App. 310, 314 (1992) (en banc), while an attempt to reopen involves a supplement to the record that existed before the Agency decisionmaker, *see* 38 C.F.R. § 3.156(a). The situation of a claimant submitting evidence that was in the possession of the Secretary, but not previously in the claims file or before the decisionmaker, more closely aligns with the concept of reopening. Further, the CUE standard requires a claimant to demonstrate that the document "would manifestly have changed the outcome of the case," *Sondel v. West*, 13 Vet.App. 213, 221 (1999), imposing a significantly higher burden than that of demonstrating "a reasonable possibility of substantiating the claim," which is the new-and-material evidence standard. *See Shade v. Shinseki*, 24 Vet.App. 110, 117 (2010); *see supra* note 6. Thus, while a request for revision based on CUE is potentially one way to obtain accrued benefits when a timely claim for such benefits has been submitted but denied, that option does not preclude the option of seeking to reopen the claim based on new and material evidence.

We also note that the Board's view, and the Secretary's argument, that a timely filed claim for accrued benefits, once denied and final, would not – as a matter of law – be subject to reopening, is inconsistent with the Secretary's position in the past. For example, in *Moffitt v. Brown*, 10 Vet.App. 214, 217 (1997), a surviving spouse filed an accrued benefits claim based on TDIU within one year of her husband's death, which was finally denied in a 1987 Board decision. The spouse thereafter attempted to reopen the accrued benefits claim in 1991, but a 1994 Board decision found that no new and material evidence had been submitted since the 1987 decision. *Id.* at 222. On appeal, both the spouse and the Secretary argued that remand was warranted based on a newly service-connected kidney condition that "may constitute new and material evidence deemed to have been in the file at the date of death." *Id.* (internal quotation marks omitted). Rather than holding (as

7

the Secretary requests here) that the 1991 attempt to reopen was precluded by statute, the Court agreed that remand was warranted for the Board to readjudicate the accrued benefits claim based on TDIU in light of the kidney condition. *Id.*

Further, in *Wright v. Brown*, 9 Vet.App. 300, 302-03 (1996), when a surviving spouse "submitted a document which could be interpreted as a claim alleging CUE . . . or, in the alternative, a request to reopen her [accrued benefits] claim" four years after a final Board denial, the Court did not hold (as the Secretary requests here) that such an attempt to reopen was precluded by statute. Rather, the Court stated that, "[t]o the extent that the document submitted . . . may be considered as a request to reopen," the spouse had failed to demonstrate new and material evidence. *Id*. at 303.

While acknowledging that an agency's interpretation of a statute that it is charged with administering is subject to "some deference," *Cathedral Candle Co.*, 400 F.3d at 1365, we also recognize that "'considerably less deference'" (*Gose v. U.S. Postal Serv.*, 451 F.3d 831, 837-38 (Fed. Cir. 2006) (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 515 (1994)) is due to an interpretation that is (1) articulated by appellate counsel, rather than promulgated formally by administrative officials, (2) inconsistent with previous agency positions, or (3) not a reflection of the "'specialized expertise'" of the agency, *Cathedral Candle Co.*, 400 F.3d at 1367 (quoting *U.S. v. Mead Corp.*, 533 U.S. 218, 234 (2001)). Here, deference to the Secretary's current interpretation of the statutory scheme is particularly unjustified, where (1) the Secretary has not identified any regulation, VA Office of General Counsel opinion, or Agency-wide pronouncement positing his current interpretation, (2) this current interpretation is inconsistent with positions previously taken in *Moffitt* and *Wright*, both *supra*, and (3) the Secretary has not articulated – and the Court cannot discern – how this interpretation reflects his specialized expertise. *See Cathedral Candle Co.*, 400 F.3d at 1367; *see also Gose*, *supra* (citing *Bowen v. Georgetown Univ. Hosp*, 488 U.S. 204, 212 (1988), and *Inv. Co. Inst. v. Camp*, 401 U.S. 617, 628 (1971)).

In sum, as long as an accrued benefits claimant submits a claim within one year of the date of death of the veteran, the claim is timely. Once timely submitted and thereafter denied because accrued benefits are deemed not warranted, it is subject to being reopened if the claimant submits new and material evidence. Accordingly, we hold that the Board's determination that an accrued benefits claim cannot be reopened more than one year after the veteran's death is not in accordance

8

with law and will be reversed. *See* 38 U.S.C. § 7261(a)(3)(A) (Court shall hold unlawful and set aside decisions and conclusions "not in accordance with law").

## B. Prejudice

As noted above, Mrs. Quattlebaum asserts that she was prejudiced by the Board's misunderstanding of the law. We agree. By improperly concluding that the statutory scheme prohibited a claim to reopen a prior denial of accrued benefits, the Board did not adjudicate whether she was entitled to accrued benefits, either via the 2001 original claim or the 2006 claim to reopen, and adjudication may lead to a successful outcome for Mrs. Quattlebaum. *See Arneson v. Shinseki*, 24 Vet.App. 379, 388-89 (2011) (finding prejudice where error could have made difference in outcome); *see also supra* note 1.

In this regard, we note that the record of proceedings reflects that Mrs. Quattlebaum attached two VA letters in support of her claim. These letters (1) indicate that Mr. Quattlebaum's claim was still being considered by the Secretary at the time of Mr. Quattlebaum's death, (2) were not mentioned in the August 2001 RO letter that stated that the RO "cannot approve your claim for accrued benefits because VA did not owe [the veteran] any money" (R. at 318), and (3) appeared in the record of proceedings only once (as submitted by Mrs. Quattlebaum), indicating they may not have been in the record at the time of the August 2001 RO letter. Whether the August 2001 RO letter constituted a denial of the accrued benefits claim and whether these letters constitute new and material evidence are factual determinations to be made by the Secretary or the Board in the first instance. *See Prillaman v. Principi*, 346 F.3d 1362, 1367 (Fed. Cir. 2003) (concluding that new-and-material-evidence determinations are factual determinations); *Thompson v. Gober*, 14 Vet.App. 187, 188 (2000) (per curiam) (stating that the Court "'should not simply [make] factual findings on its own'" (quoting *Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000))). Remand is warranted. *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) (stating that remand is appropriate "where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate").

On remand, Mrs. Quattlebaum may present, and the Board must consider, any evidence to the extent otherwise permitted by law (*see*, *e.g.*, 38 U.S.C. § 5121 and 38 C.F.R. § 3.1000(d)(4)), and any additional argument in support of the matter remanded. *See Kay*, 16 Vet.App. at 534. This

matter is to be provided expeditious treatment on remand.  *See* 38 U.S.C. § 7112.

## IV.  CONCLUSION

Upon consideration of the foregoing, the finding of the June 11, 2009, Board that an accrued benefits claim cannot as a matter of law be reopened more than one year after a veteran's death is REVERSED, and the decision of the Board denying Mrs. Quattlebaum's attempt to reopen her accrued benefits claim is SET ASIDE and the matters REMANDED for further development and readjudication consistent with applicable law and this decision.