http://www.va.gov/vetapp16/Files3/1621740.txt

Citation Nr: 1621740 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-25 269 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon

THE ISSUES

1. Entitlement to a rating in excess of 10 percent for right wrist peripheral neuropathy.

2. Entitlement to a rating in excess of 10 percent for left wrist peripheral neuropathy.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

J. H. Nilon, Counsel

INTRODUCTION

The Veteran served on active duty from October 1974 to March 1975, and on active duty for training from June to July 1975, from June to July 1976 and from July to August 1977.

These matters come before the Board of Veterans' Appeals (Board) on appeal of a July 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California, that in relevant part continued current 10 percent ratings for peripheral neuropathy of the left and right wrists, formerly diagnosed as carpal tunnel syndrome. VA's current Agency of Original Jurisdiction (AOJ) is the RO in Portland, Oregon.

In February 2014 the Board issued a decision that denied the claims on appeal. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In August 2014 the Court issued an Order granting a Joint Motion of the Parties to vacate the Board's decision and return the case to the Board for further consideration.

The Board issued a decision in December 2014 that once again denied the claims on appeal. The Veteran once again appealed to the Court. In April 2016 the Court once again issued an Order granting a Joint Motion of the Parties to vacate the Board's decision and return the case to the Board for further consideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Joint Motion for Remand, as adopted by the Court's Order, appears to assert that a VA examination in April 2010 (actually performed in March 2010, and signed in April 2010) inconsistently diagnosed no evidence of peripheral neuropathy despite positive Tinel's sign, which suggests current injury to a nerve. The Joint Motion also cited medical records dating from December 2000 and April 2004.

The Board is bound by the findings contained in the Joint Motion, as adopted by the Court. See Chisem v. Gober, 10 Vet. App. 526, 527-8 (1997) (under the "law of the case" doctrine, appellate courts generally will not review or reconsider issues that have already been decided in a previous appeal of the same case; the Board is therefore not free to do anything contrary to the Court's prior action with respect to the same claim). Whereas the Joint Motion appears to find that the most recent VA examination is inadequate for rating purposes, remand is required to redress the deficiency.

Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran a VA examination of the peripheral nerves, for the purpose of determining the current severity of his service-connected peripheral neuropathy of the left and right wrists.

The examiner should review the Veteran's treatment record and claims file, and should note the Veteran's subjective account of his symptoms. 

All appropriate tests and diagnostics should be performed, and the examiner should provide a written report detailing clinical observations.

In assessing the current severity of the Veteran's bilateral upper extremity peripheral neuropathy, the examiner should specifically address the clinical significance of the medical evidence cited in the April 2016 Joint Motion.

2. The AOJ should also perform any additional development indicated.

3. Then, readjudicate the issues on appeal. If any benefit claimed remains denied, issue the Veteran and his representative a Supplemental Statement of the Case and then return the case to the Board as appropriate for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
S. C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).