Citation Nr: 1702608 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 13-12 900 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office and Insurance Center in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to nonservice-connected death pension benefits.


REPRESENTATION

Appellant represented by: Harold H. Hoffman-Logsdon III, Attorney


ATTORNEY FOR THE BOARD

R. Costello, Associate Counsel



INTRODUCTION

The Veteran served on active duty from January 1957 to September 1957. He died in July 2003. The appellant is his surviving spouse. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2012 decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania, which denied entitlement to nonservice-connected death pension benefits. 

In March 2015, the Board denied entitlement to nonservice-connected death pension benefits. The Appellant appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). Pursuant to a Joint Motion (JMR), the Court, in a January 2016 Order, vacated the Board's decision and remanded this issue back to the Board for development consistent with the JMR.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Appellant claims entitlement to nonservice-connected death pension benefits. The Court has directed that additional development is necessary in this appeal. The Board is bound by the findings contained in the Joint Motion, as adopted by the Veterans Court. See Chisem v. Gober, 10 Vet. App. 526, 527-8 (1997) (under the "law of the case" doctrine, appellate courts generally will not review or reconsider issues that have already been decided in a previous appeal of the same case, and therefore, Board is not free to do anything contrary to the Court's prior action with respect to the same claim).

The JMR stipulates that a remand is warranted for VA to obtain the Veteran's Army National Guard service medical and personnel records. The JMR explained that because 38 U.S.C.A. § 101(24)(B) only requires the Veteran to have become disabled as a result of an injury or disease incurred during a period of active duty for training, and does not require the Veteran be service connected for the disability, the Veteran's service records are relevant to the appeal. 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file the Veteran's Army National Guard service medical and personnel records. Any negative response should be in writing and associated with the claims file

2. After completing the above, and any other development deemed necessary, readjudicate the claim based on the entirety of the evidence. If the benefits sought on appeal are not granted to the appellant's satisfaction, she and her representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).





 (CONTINUED ON NEXT PAGE)
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).