**Clifton R. STOKES, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1669.

United States Court of Veterans Appeals.

March 4, 1993.

Before KRAMER, Associate Judge.

MEMORANDUM DECISION

KRAMER, Associate Judge:

Appellant appeals an August 7, 1991, decision of the Board of Veterans' Appeals (BVA) which refused to reopen appellant's claim for service connection for degenerative arthritis of the legs because no new and material evidence was submitted, and denied service connection for peripheral vascular claudication. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

With respect to the attempt to reopen the claim for degenerative arthritis, the only additional medical evidence submitted was a report from Dr. Michael X. Rohan, dated February 14, 1990, who opined, "I think that it is entirely likely that his [service-connected] injury to the leg has increased his arthriti[c] changes in his knee." R. at 67. Under the principle announced in *Leopoldo v. Brown*, 4 Vet. App. 216, 219 (1993), service connection may not be granted "for aggravation of a

non-service-connected condition by a service-connected condition." As Dr. Rohan's statement is not evidence that the service-connected condition caused the non-service-connected condition, but is only evidence of aggravation of a non-service-connected condition, it is not material. *See Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991).

With respect to the claim for service connection for peripheral vascular claudication, on August 21, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for remand. The Court grants the Secretary's motion except insofar as it would make the procurement of Doppler tests and arteriographic studies, *see* Mot. of Appellee at 9–10; R. at 78, 82, and a new examination, *see* Mot. of Appellee at 11, discretionary. Those procedures will be obtained to enable the Secretary to fully comply with the September 6, 1990, BVA remand order. *See* R. at 76–78.

■ Summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Upon careful consideration of the record and the filings of the parties, the decision of the BVA is AFFIRMED as to the issue of the refusal to reopen appellant's claim for service connection for degenerative arthritis of the legs. That part of the decision denying service connection for peripheral vascular claudication is VACATED and REMANDED for further proceedings consistent with this decision.